| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the:<br><br>**Eastern District of Virginia**<br>(State)<br><br>Case number *(if known):* _____     Chapter    **11** |

☐ Check if this is an
amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy <span style="float:right">04/20</span>

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
| --- | --- | --- |
| 1. | **Debtor's Name** | **Intelsat Virginia Holdings LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **None.** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **83-1088562** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
| --- | --- |
| **7900 Tysons One Place**<br>Number         Street | Number         Street |
| | P.O. Box |
| **McLean,**         **Virginia    22102**<br>City                State    Zip Code | City                State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Fairfax County**<br>County | Number         Street |
| | City                State    Zip Code |

| | | |
| --- | --- | --- |
| 5. | **Debtor's website** (URL) | **www.intelsat.com** |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor    __Intelsat Virginia Holdings LLC_____    Case number *(if known)* _____
　　　　　Name

| | |
|---|---|
| **7. Describe debtor's business** | A. *Check One:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5174 - Satellite Telecommunications**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box.  A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

　　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　　☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1).  Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.**  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　　☐ A plan is being filed with this petition.

　　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

　　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| Debtor | Intelsat Virginia Holdings LLC | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No
☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | | Case number | |

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|
| District | **Eastern District of Virginia** | When | **05/13/2020** |
| | | | MM / DD / YYYY |

Case number, if known _____

**11.** **Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No.
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____

| | Number | Street |
|---|---|---|

_____

| City | State | Zip Code |
|---|---|---|

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
  Contact name _____
  Phone _____

---

**Statistical and administrative information**

**13.** **Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14.** **Estimated number of creditors[1]**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☒ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

---

[1] The estimated number of creditors and estimated amounts of assets, and liabilities, are being listed on a consolidated basis for all Debtor affiliates listed on Rider 1, attached hereto.

Debtor    **Intelsat Virginia Holdings LLC**                              Case number *(if known)*
           Name

| **15. Estimated assets** | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
|---|---|---|---|
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☐ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☒ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities** | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
|---|---|---|---|
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☐ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☒ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

**Request for Relief, Declaration, and Signatures**

**WARNING --**    Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on         **05/13/2020**
                    MM/ DD / YYYY

✖ **/s/ David Tolley**                              **David Tolley**
   Signature of authorized representative of debtor    Printed name

         Title    **Chairman, Chief Executive Officer &
                  Chief Financial Officer**

**18. Signature of attorney**    ✖ **/s/ Michael A. Condyles**        Date    **05/13/2020**
                                    Signature of attorney for debtor            MM/ DD/YYYY

         **Michael A. Condyles**
         Printed name

         **Kutak Rock LLP**
         Firm name

         **901 East Byrd Street, Suite 1000**
         Number            Street

         **Richmond**                          **VA**        **23219-4071**
         City                                  State         ZIP Code

         **(804) 343-5227**                    **michael.condyles@kutakrock.com**
         Contact phone                         Email address

         **27807**                             **VA**
         Bar number                            State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Eastern District of Virginia**
_____
(State)

Case number *(if known)*: _____   Chapter   **11**

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Eastern District of Virginia for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Intelsat S.A.

1. Intelsat Virginia Holdings LLC
2. Intelsat US LLC
3. Intelsat S.A.
4. Intelsat (Luxembourg) S.A.
5. Intelsat Align S.à r.l
6. Intelsat Alliance LP
7. Intelsat Asia Carrier Services, LLC
8. Intelsat Connect Finance S.A.
9. Intelsat Envision Holdings LLC
10. Intelsat Finance Bermuda Ltd.
11. Intelsat Genesis GP LLC
12. Intelsat Genesis Inc.
13. Intelsat Global Sales & Marketing Ltd.
14. Intelsat Holdings LLC
15. Intelsat Holdings S.A.
16. Intelsat International Employment LLC
17. Intelsat International Systems, LLC
18. Intelsat Investment Holdings S.à.r.l
19. Intelsat Investments S.A.
20. Intelsat Jackson Holdings S.A.
21. Intelsat License Holdings LLC
22. Intelsat License LLC
23. Intelsat Satellite LLC
24. Intelsat Service and Equipment LLC
25. Intelsat Subsidiary (Gibraltar) Limited
26. Intelsat UK Financial Services Ltd
27. Intelsat US Finance LLC
28. Intelsat Ventures S.à r.l
29. PanAmSat Europe Corporation
30. PanAmSat India LLC
31. PanAmSat India Marketing L.L.C.
32. PanAmSat International Holdings, LLC
33. PanAmSat International Sales, LLC
34. Southern Satellite Licensee LLC
35. Southern Satellite LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| INTELSAT VIRGINIA HOLDINGS LLC, | Case No. 20-_____(___) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Intelsat Virginia Holdings LLC | Intelsat Satellite LLC | 4 rue Albert Borschette L-1246 Luxembourg | 99.99% |
| Intelsat Virginia Holdings LLC | Intelsat Holdings LLC | 4 rue Albert Borschette L-1246 Luxembourg | 0.01% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INTELSAT VIRGINIA HOLDINGS LLC, | ) | Case No. 20-_____(____) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Intelsat Satellite LLC | 99.99% |

Fill in this information to identify the case:

Debtor name: Intelsat S.A., *et al.*

United States Bankruptcy Court for the: Eastern District of Virginia

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders                    12/15

A list of creditors holding the 40 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 40 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. BANK NATIONAL ASSOCIATION 60 LIVINGSTON AVE ST PAUL, MN 55107 UNITED STATES | ATTN: RICK PROKOSCH TITLE: VICE PRESIDENT PHONE: 651-466-6619 EMAIL: RICK.PROKOSCH@USBANK.COM | 8.5% SENIOR NOTES DUE 2024 (Includes unpaid interest) | | | | $3,075,383,000 |
| 2 | U.S. BANK NATIONAL ASSOCIATION 60 LIVINGSTON AVE ST PAUL, MN 55107 UNITED STATES | ATTN: RICK PROKOSCH TITLE: VICE PRESIDENT PHONE: 651-466-6619 EMAIL: RICK.PROKOSCH@USBANK.COM | 5.5% SENIOR NOTES DUE 2023 | | | | $1,985,000,000 |
| 3 | U.S. BANK NATIONAL ASSOCIATION 60 LIVINGSTON AVE ST PAUL, MN 55107 UNITED STATES | ATTN: RICK PROKOSCH TITLE: VICE PRESIDENT PHONE: 651-466-6619 EMAIL: RICK.PROKOSCH@USBANK.COM | 9.75% SENIOR NOTES DUE 2025 | | | | $1,885,000,000 |
| 4 | U.S. BANK NATIONAL ASSOCIATION 60 LIVINGSTON AVE ST PAUL, MN 55107 UNITED STATES | ATTN: RICK PROKOSCH TITLE: VICE PRESIDENT PHONE: 651-466-6619 EMAIL: RICK.PROKOSCH@USBANK.COM | 9.5% SENIOR NOTES DUE 2023 | | | | $1,250,000,000 |
| 5 | WELLS FARGO BANK, NATIONAL ASSOCIATION 420 MONTGOMERY STREET SAN FRANCISCO, CA 94104 UNITED STATES | ATTN: MUNEERA CARR TITLE: CONTROLLER PHONE: 703-734-0021 EMAIL: MUNEERA.CARR@YAHOO.COM | 8.125% SENIOR NOTES DUE 2023 (Excludes amounts held by Debtors) | | | | $8,883,370,008 |
| 6 | U.S. BANK NATIONAL ASSOCIATION 60 LIVINGSTON AVE ST PAUL, MN 55107 UNITED STATES | ATTN: RICK PROKOSCH TITLE: VICE PRESIDENT PHONE: 651-466-6619 EMAIL: RICK.PROKOSCH@USBANK.COM | 7.75% SENIOR NOTES DUE 2021 | | | | $421,219,000 |
| 7 | U.S. BANK NATIONAL ASSOCIATION 60 LIVINGSTON AVE ST PAUL, MN 55107 UNITED STATES | ATTN: RICK PROKOSCH TITLE: VICE PRESIDENT PHONE: 651-466-6619 EMAIL: RICK.PROKOSCH@USBANK.COM | 4.5% SENIOR CONVERTIBLE NOTES DUE 2024 | | | | $402,500,000 |
| 8 | MINISTRY OF PTT (ALGERIA) 4 BOULEVARD KRIM BELKACEM ALGIERS, 16027 ALGERIA | ATTN: BRAHIM BOUMZAR TITLE: MINISTER PHONE: 213(0)21-711-220 EMAIL: CONTACT@MPTTN.GOV.DZ FAX: 213(0)21 730 047 | LEGACY SHAREHOLDER | | | | $9,631,781 |
| 9 | IRAQ TELECOMMUNICATIONS & POST COMPANY THE MINISTRY'S HEADQUARTERS, 8933+8G AL-NISOUR SQUARE ADJACENT TO THE BAGHDAD TOWER BAGHDAD IRAQ | ATTN: ANMAR HADI PHONE: 964-770-768-7654 EMAIL: ANMAR.HADI@SCIS.GOV.IQ FAX: 8933+8G | LEGACY SHAREHOLDER | | | | $6,580,163 |
| 10 | THE BOEING COMPANY 100 NORTH RIVERSIDE CHICAGO, IL 60606 UNITED STATES | ATTN: MICHAEL ARTHUR TITLE: SENIOR VICE PRESIDENT PHONE: 312-544-2000 EMAIL: MICHAEL.ARTHUR.@BOEING.COM | SATELLITE PERFORMANCE INCENTIVES | | | | $6,283,365 |
| 11 | JSAT INTERNATIONAL, INC. C/O SKY PERFECT JSAT CORPORATION 1401 H STREET NW, SUITE 220 WASHINGTON, DC 20005 UNITED STATES | ATTN: EIICHI YONEKURA TITLE: PRESIDENT PHONE: 202-379-4440 EMAIL: YONEKURA-EIICHI@SPTVJSAT.COM FAX: 202-379-4410 | REVENUE SHARING | CONTINGENT, UNLIQUIDATED | | | $3,950,000 |
| 12 | HISPASAT S.A. PASEO DE LA CASTELLANA, 39 MADRID, 28046 SPAIN | ATTN: JUAN JESUS GARCIA TITLE: CHIEF FINANCIAL OFFICER PHONE: 34-91-710-25-40 EMAIL: JJGARCIA@HISPASAT.ES | LEASEBACK PAYABLE | | | | $1,882,860 |
| 13 | MINISTRY OF MARITIME AFFAIRS, TRANSPORTATION & COM PRISAVLJE 14 ZAGREB, 10000 CROATIA | ATTN: OLEG BUTKOVIC TITLE: MINISTER PHONE: 385-1-6169-115 EMAIL: MINISTAR@MMPI.HR | LEGACY SHAREHOLDER | | | | $1,799,156 |
| 14 | FOX ENTERTAINMENT GROUP, INC. 500 SOUTH BUENA VISTA STREET BURBANK, CA 91521 UNITED STATES | ATTN: BOB CHAPEK TITLE: CHIEF FINANCIAL OFFICER PHONE: 818-560-1000 EMAIL: ROBERT.CHAPEK@DISNEY.COM | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $1,685,907 |
| 15 | AZERCOSMOS OJSCO 72 UZEYIR HAJIBEYLI STREET BAKU, AZ1000 AZERBAIJAN | ATTN: RASHAD NABIYEV TITLE: CHIEF EXECUTIVE OFFICER PHONE: 994-12-565-0055 EMAIL: RASHAD.NABIYEV@GMAIL.COM FAX: 994-12-565-0066 | TRADE PAYABLE | | | | $1,582,456 |
| 16 | MINISTRY OF TRANSPORT & COMM. (XGZ) 42 ISANOV ST BISHKEK, KYRGYZ REPUBLIC 720017 KYRGYZSTAN | ATTN: BEISHENOV ZHANAT SAMATOVICH TITLE: MINISTER PHONE: 00996-312-314289 EMAIL: MTK@MTK.GOV.KG FAX: 00996-312-312811 | LEGACY SHAREHOLDER | | | | $1,562,513 |
| 17 | TRYCO INTERNATIONAL, INC. - GUINEA BISSEAU 6736 OLD MCLEAN VILLAGE DR. MCLEAN, VA 22101 UNITED STATES | ATTN: FRANZ KARL ZENZ TITLE: CHIEF EXECUTIVE OFFICER PHONE: 703-734-0467 EMAIL: TRYCO@TRYCO.ORG FAX: 703-847-0741 | LEGACY SHAREHOLDER | | | | $1,562,513 |
| 18 | TIM S.A. AVENIDA JOÃO CABRAL DE MELLO NETO 850, BLOCO 18, 4º ANDAR BARRA DA TIJUCA, RIO DE JANEIRO CEP 22775-057 BRAZIL | ATTN: PIETRO LABRIOLA TITLE: CHIEF EXECUTIVE OFFICER PHONE: 55-21-410-940 EMAIL: PIETRO.LABRIOLA@ICLOUD.COM | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $1,336,156 |
| 19 | NEW SKIES SATELLITES CHÂTEAU DE BETZDORF BETZDORF, GREVENMACHER 6815 LUXEMBOURG | ATTN: JOHN PURVIS TITLE: CHIEF LEGAL OFFICER PHONE: 352-710-725-1 EMAIL: JOHN.PURVIS@SES.COM | REVENUE SHARING | CONTINGENT, UNLIQUIDATED | | | $1,199,082 |

Debtor:    Intelsat S.A., et al.                                                                                                Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | TYSONS CORNER OFFICE I LLC 2800 POST OAK BLVD HOUSTON, TX 77056-6188 UNITED STATES | ATTN: ROSEMARIE SUBASIC TITLE: VICE PRESIDENT PHONE: 713-621-8000 EMAIL: ROSEMARIE_SUBASIC@HINES.COM FAX: 571-730-4725 | LEASE PAYABLE | | | | $1,068,452 |
| 21 | TELESPAZIO VIA TIBURTINA ROME, LAZIO 965 00156 ITALY | ATTN: CHRISTOPHE ROSENTHAL TITLE: CHIEF FINANCIAL OFFICER PHONE: 39-06-40791 EMAIL: CHRISTOPHE.ROSENTHAL@TELESPAZIO.COM | TRADE PAYABLE | | | | $943,169 |
| 22 | PT INDOSAT INDOSAT BUILDING JALAN MEDAN MERDEKA BARAT NO. 21 CENTRAL JAKARTA, JAKARTA 10110 INDONESIA | ATTN: EYAS NAIF ASSAF TITLE: CHIEF FINANCIAL OFFICER PHONE: 62-21-3444 2606 EMAIL: AALNEAMA@OOREDOO.QA FAX: 62-21-30003757 | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $812,094 |
| 23 | CELCOM (MALAYSIA) SDN. BHD. (167469-A) NO. 6, PERSIARAN BARAT SEKSYEN 52 PETALING JAYA, 46200 MALAYSIA | ATTN: JENNIFER WONG TITLE: CHIEF FINANCIAL OFFICER PHONE: 603-7200-2222 EMAIL: WONG.JENN@GMAIL.COM | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $764,570 |
| 24 | ETISALAT ETISALAT HEAD OFFICE BUILDING ZAYED THE FIRST STREET ABU DHABI CITY, ABU DHABI UAE | ATTN: HATEM DOWIDAR TITLE: CHIEF EXECUTIVE OFFICER PHONE: 971-2-6283333 EMAIL: HDOWIDAR@ETISALAT.AE FAX: 971-2-6317000 | TRADE PAYABLE | UNLIQUIDATED | | | $750,000 |
| 25 | KTSAT 13606 90, BULJEONG-RO, BUNDANG-GU JEONGJA-DONG SEONGNAM-SI, GYEONGGI-DO 13606 SOUTH KOREA | ATTN: JI HONG KIM TITLE: LEGAL COUNSEL PHONE: 031-727-0114 EMAIL: JI.KIM@KT.COM | TRADE PAYABLE | | | | $719,769 |
| 26 | EMTEL SOCIEDAD ANONIMA ICARIA III, C/ VULCANO 1 OLEIROS, A CORUÑA 15172 SPAIN | ATTN: MANUEL LAGO VECINO TITLE: DIRECTOR GENERAL PHONE: 34-981-21-68-79 EMAIL: MLAGO@EMETEL.NET FAX: 902-36-40-01 | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $545,970 |
| 27 | ST ENGINEERING IDIRECT 13861 SUNRISE VALLEY DRIVE, SUITE 300 HERNDON, VA 20171 UNITED STATES | ATTN: KEVIN STEEN TITLE: CHIEF EXECUTIVE OFFICER PHONE: 703-648-8000 EMAIL: KSTEEN@IDIRECT.NET FAX: 866-345-0983 | TRADE PAYABLE | | | | $523,359 |
| 28 | TELENOR SATELLITE BROADCASTING  AS SNARØYVEIEN 30, M3A FORNEBU, ØSTLANDET 1360 NORWAY | ATTN: MARTIN FOSS TITLE: CHIEF FINANCIAL OFFICER PHONE: 47-670-73-470 EMAIL: MARTIN.FOSS@TELENOR.COM | TRADE PAYABLE | | | | $500,854 |
| 29 | KDDI CORPORATION GARDEN AIR TOWER 3-10-10, IIDABASHI CHIYODA-KU, TOKYO 102-8460 JAPAN | ATTN: YASUYUKI KOIDE TITLE: CHIEF OPERATING OFFICER PHONE: 212-295-1200 EMAIL: Y.KOIDE@KDDIA.COM | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $487,115 |
| 30 | MERCURY SERVICOS DE TELECOMUNICACOES, SARL GRUPO STREET RAINHA GINGA N 29-31, 13TH FLOOR MAILBOX: 1316 LUANDA ANGOLA | ATTN: ADALBERTO FERNANDO NHINGUICA TITLE: CHIEF EXECUTIVE OFFICER PHONE: 244-226-621-000 EMAIL: ADALBERTO.NHINGUICA@MSTELCOM.CO.AO | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $407,421 |
| 31 | DISNEY CHANNEL, THE 500 SOUTH BUENA VISTA STREET BURBANK, CA 91521 UNITED STATES | ATTN: BRENT WOODFORD TITLE: CONTROLLERSHIP PHONE: 818-790-0887 EMAIL: BRENT.WOODFORD@DISNEY.COM | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $388,465 |
| 32 | TELEFONICA DE ARGENTINA S.A. SUIPACHA 150 7MO PISO BUENOS AIRES, CP 1008 ARGENTINA | ATTN: JOSÉ MARÍA ÁLVAREZ-PALLETE TITLE: CHIEF EXECUTIVE OFFICER PHONE: 54-11-4332-9200 EMAIL: JMALVPAL@TISA.TELEFONICA.COM | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $379,887 |
| 33 | OPTUS SATELLITE PTY LTD 1 LYON PARK RD MACQUARIE PARK NEW SOUTH WALES 2113 AUSTRALIA | ATTN: KELLY BAYER ROSMARIN TITLE: CHIEF FINANCIAL OFFICER PHONE: 0061-280827800 EMAIL: KELLY_BAYER@YAHOO.COM | TRADE PAYABLE | | | | $353,666 |
| 34 | RADIO TELEVISION GUATEMALA, S.A. - CANAL 3 GUATEMALA SA - 30 AVENIDA 3-40, ZONA 11 GUATEMALA CITY GUATEMALA | ATTN: EDGAR SANDOVAL TITLE: DIRECTOR OF ENGINEERING PHONE: 011-502-2410-3112 EMAIL: ESANDOVAL@CANAL3.COM.GT FAX: 011-502-2410-3110 | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $352,800 |
| 35 | LOCKHEED MARTIN AUSTRALIA PTY LTD 8 BRISBANE AVENUE BARTON, ACT 2600 AUSTRALIA | ATTN: JOE NORTH TITLE: CHIEF EXECUTIVE OFFICER PHONE: 301-897-6837 EMAIL: JNORTH@LOCKHEEDMARTIN.COM | TRADE PAYABLE | | | | $351,603 |
| 36 | COLOMBIA TELECOMUNICACIONES S.A. E.S.P. TRANSV 60, AVENIDA SUBA BOGOTA, 114A-55 11001 COLOMBIA | ATTN: FABIÁN HERNÁNDEZ TITLE: CHIEF EXECUTIVE OFFICER PHONE: 57-1-705-0007 EMAIL: FABIAN.HERNANDEZ@TELEFONICA.COM | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $298,118 |
| 37 | PENSION BENEFIT GUARANTY CORPORATION 1200 K STREET, N.W.  SUITE 340 WASHINGTON, DC 20005-4026 UNITED STATES | ATTN: PATRICIA KELLY TITLE: CHIEF FINANCIAL OFFICER PHONE: 202-326-4000 EMAIL: KELLY.PATRICIA@PBGC.GOV FAX: 202-326-4112 | PENSION LIABILITY | CONTINGENT, UNLIQUIDATED | | | UNDETERMINED |
| 38 | INTERNATIONAL TELECOMMUNICATIONS SATELLITE ORGANIZATION ("ITSO") 4400 JENIFER STREET, NW, SUITE #332 WASHINGTON, D.C. 20015 UNITED STATES | ATTN: PATRICK MASAMBU TITLE: DIRECTOR PHONE: 202-243-5096 EMAIL: PMASAMBU@ITSO.INT | LITIGATION | CONTINGENT, UNLIQUIDATED, DISPUTED | | | UNDETERMINED |
| 39 | PATRICIA EWING ADDRESS ON FILE | CONTACT INFORMATION ON FILE | RETIREE RESTORATION PLAN | CONTINGENT, UNLIQUIDATED | | | UNDETERMINED |
| 40 | JOSEPH A. JANKOWSKI ADDRESS ON FILE | CONTACT INFORMATION ON FILE | RETIREE RESTORATION PLAN | CONTINGENT, UNLIQUIDATED | | | UNDETERMINED |

Note: Unsecured amounts contain projected estimates of pre-petition liability as of the Petition Date and are subject to change as accrued liabilities become invoiced.

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name **Intelsat Virginia Holdings LLC** | |
| United States Bankruptcy Court for the: | **Eastern District of Virginia** |
| | (State) |
| Case number (If known): | |

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## ▮ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended *Schedule*

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration    **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | 05/13/2020 | */s/ David Tolley* |
|---|---|---|
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **David Tolley** |
| | | Printed name |
| | | **Chairman, Chief Executive Officer & Chief Financial Officer** |
| | | Position or relationship to debtor |

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

# OMNIBUS WRITTEN CONSENT

## May 13, 2020

The undersigned, being all of the members of the respective board of managers, board of directors, the sole member, or the managing member, as applicable (each, a "Governing Body"), of each entity set forth on Schedule I attached hereto (each, a "Company," and, collectively, the "Companies"), hereby take the following actions and adopt the following resolutions by written consent pursuant to such Company's limited liability company agreement, limited partnership agreement, bylaws or other governing agreement, as applicable, and the Delaware Limited Liability Company Act, as amended (the "DLLCA"), the Delaware Revised Uniform Partnership Act, as amended (the "DRULPA"), the Delaware General Corporation Law, as amended, and the Virginia Limited Liability Company Act, as amended (as applicable).

**WHEREAS**, the Governing Body of each Company has considered certain materials presented by, or on behalf of, such Company's management (such Company's "Management") and financial and legal advisors (collectively, such Company's "Advisors"), including, but not limited to, materials regarding the liabilities, obligations and liquidity of such Company, the strategic alternatives available to such Company, and the impact of the foregoing on such Company's business and the business of such Company's affiliates.

**WHEREAS**, the Governing Body of each Company has had adequate opportunity to consult with its Management and Advisors regarding the materials presented, to obtain additional information and to fully consider each of the strategic alternatives available to such Company.

**WHEREAS**, the Governing Body of each Company has determined, in the judgement of such Governing Body, that the following resolutions, as applicable, are advisable and in the best interests of such Company, its interest holders, its subsidiaries (if any), its creditors and other parties in interest.

### Voluntary Petition for Relief under Applicable Bankruptcy Law and Seeking Necessary Relief

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Governing Body of each Company, it is desirable and in the best interest of such Company, its interest holders, its subsidiaries (if any), its creditors, and other parties in interest, that such Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, a voluntary petition for relief (the "Bankruptcy Petition") under the provisions of chapter 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code") for such Company and any applicable foreign ancillary proceedings for such Company; and, in accordance with the requirements of such Company's governing documents and applicable law, hereby consents to, authorizes and approves, the filing of the Bankruptcy Petitions and the foreign ancillary proceedings (if any).

**RESOLVED**, that any partner, director (or manager, as applicable) or duly appointed officer of a Company, each acting individually and with full power of substitution (together with any persons to whom such persons delegate certain responsibilities, collectively, the "Authorized Persons") be, and hereby is, authorized to execute (under the company or common seal of such Company, if appropriate) and file on behalf of such Company and its subsidiaries all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of such Company or any of its subsidiaries.

## Retention of Professionals

**RESOLVED**, that each of the Authorized Persons of each Company, each acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed to employ the following professionals on behalf of such Company: (i) the law firm of Kirkland & Ellis LLP ("K&E"), as general bankruptcy counsel, (ii) the firm of Alvarez & Marsal North America, LLC ("A&M"), as a restructuring advisor, (iii) the firm of PJT Partners LP ("PJT"), as financial advisor and investment banker, (iv) Deloitte LLP ("Deloitte"), as tax advisor, and (v) and any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals such Authorized Person deems necessary, appropriate or advisable; each to represent and assist such Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of such Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute (under the company or common seal of such Company, if appropriate) appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

## Debtor-In-Possession Financing

**RESOLVED**, that in the judgment of the Governing Body of each Company, such Company will receive benefits from the DIP Credit Agreement (as defined below) and the loans contemplated thereunder, and it is desirable and in the best interest of such Company, each of its respective interest holders, subsidiaries (if any), creditors and other parties in interest that the form, terms and provisions of (i) that certain debtor-in-possession credit agreement (together with any and all exhibits, schedules and annexes thereto, the "DIP Credit Agreement"), and (ii) the Credit Documents (as defined in the DIP Credit Agreement) to which any or all of the Companies are a party, and all other documents, agreements, instruments or certificates, intellectual property security agreements, joinders, consents, and amendments, restatements, modifications or supplements to any of the foregoing to

be executed, delivered or filed by such Company in connection therewith, and the transactions contemplated by the DIP Credit Agreement and the other Credit Documents (in each case including, without limitation, the borrowings and other extensions of credit thereunder, and the guaranties, liabilities, obligations, security interest granted and notes issued (if any) in connection therewith) be, and hereby are, authorized, adopted and approved in substantially the form presented to such Governing Body, together with such changes as may be approved by the applicable Authorized Persons executing and delivering the same, such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof.

RESOLVED, that the Governing Body of each Company has determined that it is necessary and in the best interest of such Company's business and affairs, each of its interest holders, subsidiaries (if any), creditors and other parties in interest to execute, deliver and perform the DIP Credit Agreement and the other Credit Documents to which such Company is a party, to perform such Company's obligations thereunder and to consummate the transactions contemplated thereby, including, without limitation, any borrowings, the performance of any guarantees and the granting of any security interests and liens, and such Company's execution and delivery of, and the incurrence and performance of its obligations in connection with the DIP Credit Agreement, including without limitation, the guarantee of the obligations thereunder, and any other Credit Document to which it is a party, and the consummation of the transactions contemplated thereby or entered into in connection with the Credit Documents, including, without limitation, any borrowing by such Company under the Credit Documents, are hereby, in all respects, authorized and approved.

## Cash Collateral

RESOLVED, the Governing Body of each Company has determined that each such Company will obtain benefits from the use of the collateral, including cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders and noteholders (the "Prepetition Secured Parties") parties to (i) that certain credit agreement, dated as of January 12, 2011 (as amended, supplemented or otherwise modified from time to time), by and among, *inter alia*, Intelsat Jackson Holdings S.A., the guarantors from time to time party thereto, and Bank of America, N.A., as administrative agent; (ii) that certain indenture, dated as of March 29, 2016 (as amended, supplemented or otherwise modified from time to time), by and among, *inter alia*, Intelsat Jackson Holdings S.A., Intelsat Connect Finance S.A., certain subsidiary guarantors from time to time party thereto, and Wilmington Trust, National Association, as trustee; and (iii) that certain indenture, dated as of June 30, 2016 (as amended, supplemented or otherwise modified from time to time), by and among, *inter alia*, Intelsat Jackson Holdings S.A., Intelsat Connect Finance S.A., certain subsidiary guarantors from time to time party thereto, and Wilmington Trust, National Association, as trustee.

**RESOLVED**, that each of the Authorized Persons of a Company, each acting individually and with full power of substitution, be, and hereby is, authorized, directed and empowered in the name of, and on behalf of, such Company to seek approval of the use of cash collateral pursuant to a cash collateral order in interim and final form (a "Cash Collateral Order"), and to negotiate, execute (under the common seal, if appropriate), and deliver any and all agreements, instruments, or documents, by or on behalf of such Company, necessary or advisable to implement the Cash Collateral Order, including providing for adequate protection to the Prepetition Secured Parties in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for the use of cash collateral in connection with such Company's chapter 11 cases, which agreement(s) may require such Company to grant adequate protection and security interests to the Prepetition Secured Parties and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of such Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person of such Company in his/her absolute discretion approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

**RESOLVED**, that each of the Authorized Persons of a Company, each acting individually and with full power of substitution, be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, such Company to execute (under the common seal, if appropriate) and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Order or to do such other things which shall in his/her absolute discretion be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her or their execution thereof.

### Further Actions and Prior Actions

**RESOLVED**, that each of the Authorized Persons of a Company, each acting individually and with full power of substitution be, and hereby is, authorized, empowered and directed to execute (under the company or common seal of such Company, if appropriate) and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute (under the company or common seal of such Company, if appropriate) such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate or desirable in accordance with these resolutions.

**RESOLVED**, that to the extent a Company is directly or indirectly the sole member, general partner, managing member, equivalent manager, or other governing body of certain of such Company's subsidiaries (each, a "Controlled Company"), each Authorized Person is authorized, empowered and directed to take each of the actions described in these resolutions or any of the actions authorized by these resolutions on behalf of each such applicable Controlled Company.

**RESOLVED**, that any Authorized Person of a Company is hereby authorized, empowered and directed to execute, on behalf of such Company, a consent of the sole member of each Controlled Company whereby such Controlled Company resolves that, notwithstanding any provision of the Limited Liability Company Agreement or the Partnership Agreement of such Controlled Company, and notwithstanding that the DLLCA may provide to the contrary (including Section 18-304 of the DLLCA) or the DRULPA may provide to the contrary (including Section 17-402 of the DRULPA), the occurrence of any event of the type identified in Section 18-304 of the DLLCA or Section 17-402 of the DRULPA with respect to a member or general partner, as applicable, of such Controlled Company shall not cause such member or general partner, as applicable, to cease to be a member of such Controlled Company and, upon the occurrence of such an event, such Controlled Company shall continue without dissolution.

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons of a Company, either individually or as otherwise required by such Company's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the applicable Company itself may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution (under the company or common seal of such Company, if appropriate), acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of such Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person's or Authorized Persons' may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

**RESOLVED**, that the Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of such Company, or hereby waives any right to have received such notice.

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of any Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of such Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Governing Body of such Company.

The actions taken by this written consent shall have the same force and effect as if taken at a meeting of each Governing Body, pursuant to the governing documents of each Company and the laws of the State of Delaware and the Commonwealth of Virginia, as applicable to each Company.

\* \* \* \*

IN WITNESS WHEREOF, the undersigned have duly executed this written consent as of the date first written above.

**INTELSAT GENESIS INC.:**

BOARD OF DIRECTORS:

_____
David Tolley

_____
Stephen Spengler

_____
Michelle Bryan

**PANAMSAT EUROPE CORPORATION:**

BOARD OF DIRECTORS:

_____
Mark Rasmussen

_____
Stephen Bacica

**INTELSAT GENESIS GP LLC:**

BOARD OF MANAGERS:

_____
David Tolley

_____
Stephen Spengler

_____
Michelle Bryan

[SIGNATURE PAGE TO OMNIBUS CONSENT OF THE DIRECTORS, MANAGERS, GENERAL PARTNER AND MEMBERS]

IN WITNESS WHEREOF, the undersigned have duly executed this written consent as of the date first written above.

**INTELSAT GENESIS INC.:**

**BOARD OF DIRECTORS:**

_____
David Tolley

_____
Stephen Spengler

_____
Michelle Bryan

**PANAMSAT EUROPE CORPORATION:**

**BOARD OF DIRECTORS:**

_____
Mark Rasmussen

_____
Stephen Bacica

**INTELSAT GENESIS GP LLC:**

**BOARD OF MANAGERS:**

_____
David Tolley

_____
Stephen Spengler

_____
Michelle Bryan

IN WITNESS WHEREOF, the undersigned have duly executed this written consent as of the date first written above.

**INTELSAT GENESIS INC.:**

BOARD OF DIRECTORS:

_____
David Tolley

_____
Stephen Spengler

_____
Michelle Bryan

**PANAMSAT EUROPE CORPORATION:**

BOARD OF DIRECTORS:

_____
Mark Rasmussen

_____
Stephen Bacica

**INTELSAT GENESIS GP LLC:**

BOARD OF MANAGERS:

_____
David Tolley

_____
Stephen Spengler

_____
Michelle Bryan

[SIGNATURE PAGE TO OMNIBUS CONSENT OF THE DIRECTORS, MANAGERS, GENERAL PARTNER AND MEMBERS]

IN WITNESS WHEREOF, the undersigned have duly executed this written consent as of the date first written above.

**INTELSAT GENESIS INC.:**

BOARD OF DIRECTORS:

_____
David Tolley

_____
Stephen Spengler

_____
Michelle Bryan

**PANAMSAT EUROPE CORPORATION:**

BOARD OF DIRECTORS:

_____
Mark Rasmussen

_____
Stephen Bacica

**INTELSAT GENESIS GP LLC:**

BOARD OF MANAGERS:

_____
David Tolley

_____
Stephen Spengler

_____
Michelle Bryan

[SIGNATURE PAGE TO OMNIBUS CONSENT OF THE DIRECTORS, MANAGERS, GENERAL PARTNER AND MEMBERS]

IN WITNESS WHEREOF, the undersigned have duly executed this written consent as of the date first written above.

**INTELSAT GENESIS INC.:**

BOARD OF DIRECTORS:

_____
David Tolley

_____
Stephen Spengler

_____
Michelle Bryan

**PANAMSAT EUROPE CORPORATION:**

BOARD OF DIRECTORS:

_____
Mark Rasmussen

_____
Stephen Bacica

**INTELSAT GENESIS GP LLC:**

BOARD OF MANAGERS:

_____
David Tolley

_____
Stephen Spengler

_____
Michelle Bryan

[SIGNATURE PAGE TO OMNIBUS CONSENT OF THE DIRECTORS, MANAGERS, GENERAL PARTNER AND MEMBERS]

**INTELSAT ALLIANCE LP:**

GENERAL PARTNER:

**INTELSAT GENESIS GP LLC**

By: _____

Name: Sajid Ajmeri

Title: Vice President of Corporate & Securities & Assistant Secretary

**INTELSAT HOLDINGS LLC:**

MEMBER:

**INTELSAT VENTURES S.À R.L.**

By: _____

Name: José Toscano

Title: Chairman & Chief Executive Officer

MANAGERS:

_____

David Tolley

_____

José Toscano

_____

Michelle Bryan

[SIGNATURE PAGE TO OMNIBUS CONSENT OF THE DIRECTORS, MANAGERS, GENERAL PARTNER AND MEMBERS]

**INTELSAT ALLIANCE LP:**

<u>GENERAL PARTNER</u>:

**INTELSAT GENESIS GP LLC**

By: _____
Name: Sajid Ajmeri
Title:   Vice President of Corporate & Securities &
Assistant Secretary

**INTELSAT HOLDINGS LLC:**

<u>MEMBER</u>:

**INTELSAT VENTURES S.À R.L.**

By: _____
Name: José Toscano
Title:   Chairman & Chief Executive Officer

<u>MANAGERS</u>:

_____
David Tolley

_____
José Toscano

_____
Michelle Bryan

**INTELSAT ALLIANCE LP:**

<u>GENERAL PARTNER</u>:

**INTELSAT GENESIS GP LLC**

By: _____

Name: Sajid Ajmeri

Title: Vice President of Corporate & Securities &
Assistant Secretary

**INTELSAT HOLDINGS LLC:**

<u>MEMBER</u>:

**INTELSAT VENTURES S.À R.L.**

By: _____

Name: José Toscano

Title: Chairman & Chief Executive Officer

<u>MANAGERS</u>:

_____
David Tolley

_____
José Toscano

_____
Michelle Bryan

[SIGNATURE PAGE TO OMNIBUS CONSENT OF THE DIRECTORS, MANAGERS, GENERAL PARTNER AND MEMBERS]

**INTELSAT ALLIANCE LP:**

<u>GENERAL PARTNER</u>:

**INTELSAT GENESIS GP LLC**

By: _____

Name: Sajid Ajmeri

Title:   Vice President of Corporate & Securities &
　　　　Assistant Secretary

**INTELSAT HOLDINGS LLC:**

<u>MEMBER</u>:

**INTELSAT VENTURES S.À R.L.**

By: _____

Name: José Toscano

Title:   Chairman & Chief Executive Officer

<u>MANAGERS</u>:

_____

David Tolley

_____

José Toscano

_____

Michelle Bryan

**INTELSAT SATELLITE LLC:**

MEMBER:

**INTELSAT HOLDINGS LLC**

By: _____

Name: José Toscano

Title:   Deputy Chairman

MANAGERS:

_____

David Tolley

_____

José Toscano

_____

Michelle Bryan

**INTELSAT VIRGINIA HOLDINGS LLC:**

MEMBER:

**INTELSAT SATELLITE  LLC**

By: _____

Name: José Toscano

Title:   Deputy Chairman

**INTELSAT SATELLITE LLC:**

MEMBER:

**INTELSAT HOLDINGS LLC**

By: _____
Name: José Toscano
Title:  Deputy Chairman

MANAGERS:

_____
David Tolley

_____
José Toscano

_____
Michelle Bryan

**INTELSAT VIRGINIA HOLDINGS LLC:**

MEMBER:

**INTELSAT SATELLITE  LLC**

By: _____
Name: José Toscano
Title:  Deputy Chairman

**INTELSAT SATELLITE LLC:**

MEMBER:

**INTELSAT HOLDINGS LLC**

By: _____
Name: José Toscano
Title:   Deputy Chairman

MANAGERS:

_____

David Tolley

_____

José Toscano

_____

Michelle Bryan

**INTELSAT VIRGINIA HOLDINGS LLC:**

MEMBER:

**INTELSAT SATELLITE  LLC**

By: _____
Name: José Toscano
Title:   Deputy Chairman

**INTELSAT LICENSE HOLDINGS LLC:**

<u>MEMBER</u>:

**INTELSAT VENTURES S.À R.L.**

By: _____
Name: José Toscano
Title:   Chairman & Chief Executive Officer

<u>MANAGERS</u>:

_____
David Tolley

_____
José Toscano

_____
Michelle Bryan

**INTELSAT LICENSE HOLDINGS LLC:**

MEMBER:

**INTELSAT VENTURES S.À R.L.**

By: _____

Name: José Toscano
Title:   Chairman & Chief Executive Officer

MANAGERS:

_____

David Tolley

_____

José Toscano

_____

Michelle Bryan

**INTELSAT LICENSE HOLDINGS LLC:**

MEMBER:

**INTELSAT VENTURES S.À R.L.**

By: _____

Name: José Toscano

Title:   Chairman & Chief Executive Officer

MANAGERS:

_____

David Tolley

_____

José Toscano

_____

Michelle Bryan

**INTELSAT LICENSE LLC:**

MEMBER:

**INTELSAT LICENSE HOLDINGS LLC**

By: _____
Name: José Toscano
Title:   Deputy Chairman

MANAGERS:

_____
David Tolley

_____
José Toscano

_____
Michelle Bryan

**INTELSAT US FINANCE LLC:**

MEMBER:

**INTELSAT ALLIANCE LP**

By: Intelsat Genesis GP LLC
Its:  General Partner

By: _____
Name: Sajid Ajmeri
Title:   Vice President of Corporate & Securities &
         Assistant Secretary

[SIGNATURE PAGE TO OMNIBUS CONSENT OF THE DIRECTORS, MANAGERS, GENERAL PARTNER AND MEMBERS]

**INTELSAT LICENSE LLC:**

MEMBER:

**INTELSAT LICENSE HOLDINGS LLC**

By: _____
Name: José Toscano
Title:   Deputy Chairman

MANAGERS:

_____
David Tolley

_____
José Toscano

_____
Michelle Bryan

**INTELSAT US FINANCE LLC:**

MEMBER:

**INTELSAT ALLIANCE LP**

By: Intelsat Genesis GP LLC
Its:  General Partner

By: _____
Name: Sajid Ajmeri
Title:   Vice President of Corporate & Securities &
            Assistant Secretary

[SIGNATURE PAGE TO OMNIBUS CONSENT OF THE DIRECTORS, MANAGERS, GENERAL PARTNER AND MEMBERS]

**INTELSAT LICENSE LLC:**

MEMBER:

**INTELSAT LICENSE HOLDINGS LLC**

By: _____
Name: José Toscano
Title:   Deputy Chairman

MANAGERS:

_____

David Tolley

_____

José Toscano

_____
Michelle Bryan

**INTELSAT US FINANCE LLC:**

MEMBER:

**INTELSAT ALLIANCE LP**

By: Intelsat Genesis GP LLC
Its:  General Partner

By: _____
Name: Sajid Ajmeri
Title:   Vice President of Corporate & Securities &
          Assistant Secretary

[SIGNATURE PAGE TO OMNIBUS CONSENT OF THE DIRECTORS, MANAGERS, GENERAL PARTNER AND MEMBERS]

**INTELSAT LICENSE LLC:**

MEMBER:

**INTELSAT LICENSE HOLDINGS LLC**

By: _____
Name: José Toscano
Title:  Deputy Chairman

MANAGERS:

_____

David Tolley

_____

José Toscano

_____

Michelle Bryan

**INTELSAT US FINANCE LLC:**

MEMBER:

**INTELSAT ALLIANCE LP**

By: Intelsat Genesis GP LLC
Its:  General Partner

By: _____
Name: Sajid Ajmeri
Title:  Vice President of Corporate & Securities &
       Assistant Secretary

**INTELSAT US LLC:**

BOARD OF MANAGERS:

_(signature)_
Stephen Spengler

_____
Michael DeMarco

_____
Michelle Bryan

_____
Ellen Pawlikowski

**PANAMSAT INTERNATIONAL HOLDINGS LLC:**

MANAGERS:

_____
Mark Rasmussen

_____
Stephen Bacica

[SIGNATURE PAGE TO OMNIBUS CONSENT OF THE DIRECTORS, MANAGERS, GENERAL PARTNER AND MEMBERS]

**INTELSAT US LLC:**

<u>BOARD OF MANAGERS</u>:

_____
Stephen Spengler

_____
Michael DeMarco

_____
Michelle Bryan

_____
Ellen Pawlikowski

**PANAMSAT INTERNATIONAL HOLDINGS LLC:**

<u>MANAGERS:</u>

_____
Mark Rasmussen

_____
Stephen Bacica

[SIGNATURE PAGE TO OMNIBUS CONSENT OF THE DIRECTORS, MANAGERS, GENERAL PARTNER AND MEMBERS]

**INTELSAT US LLC:**

BOARD OF MANAGERS:

_____

Stephen Spengler

_____

Michael DeMarco

_____
Michelle Bryan

_____

Ellen Pawlikowski

**PANAMSAT INTERNATIONAL HOLDINGS LLC:**

MANAGERS:

_____

Mark Rasmussen

_____

Stephen Bacica

**INTELSAT US LLC:**

BOARD OF MANAGERS:

_____
Stephen Spengler


_____
Michael DeMarco


_____
Michelle Bryan

_____
Ellen Pawlikowski



**PANAMSAT INTERNATIONAL HOLDINGS LLC:**

MANAGERS:

_____
Mark Rasmussen


_____
Stephen Bacica

**INTELSAT US LLC:**

BOARD OF MANAGERS:

_____

Stephen Spengler

_____

Michael DeMarco

_____

Michelle Bryan

_____

Ellen Pawlikowski

**PANAMSAT INTERNATIONAL HOLDINGS LLC:**

MANAGERS:

_____

Mark Rasmussen

_____

Stephen Bacica

[Signature Page to Omnibus Consent of the Directors, Managers, General Partner and Members]

**INTELSAT US LLC:**

BOARD OF MANAGERS:

_____

Stephen Spengler

_____

Michael DeMarco

_____

Michelle Bryan

_____

Ellen Pawlikowski

**PANAMSAT INTERNATIONAL HOLDINGS LLC:**

MANAGERS:

_____

Mark Rasmussen

_____

Stephen Bacica

[SIGNATURE PAGE TO OMNIBUS CONSENT OF THE DIRECTORS, MANAGERS, GENERAL PARTNER AND MEMBERS]

**INTELSAT INTERNATIONAL SYSTEMS, LLC:**

MANAGERS:

_____
Mark Rasmussen

_____
Stephen Bacica

**PANAMSAT INTERNATIONAL SALES, LLC:**

BOARD OF MANAGERS:

_____
Mark Rasmussen

_____
Stephen Bacica

**INTELSAT ASIA CARRIER SERICES, LLC:**

BOARD OF MANAGERS:

_____
Mark Rasmussen

_____
Stephen Bacica

[SIGNATURE PAGE TO OMNIBUS CONSENT OF THE DIRECTORS, MANAGERS, GENERAL PARTNER AND MEMBERS]

**INTELSAT INTERNATIONAL SYSTEMS, LLC:**

MANAGERS:

_____
Mark Rasmussen

_____
Stephen Bacica

**PANAMSAT INTERNATIONAL SALES, LLC:**

BOARD OF MANAGERS:

_____
Mark Rasmussen

_____
Stephen Bacica

**INTELSAT ASIA CARRIER SERICES, LLC:**

BOARD OF MANAGERS:

_____
Mark Rasmussen

_____
Stephen Bacica

**SOUTHERN SATELLITE LICENSEE LLC:**

BOARD OF MANAGERS:

_____
Mark Rasmussen

_____
Stephen Bacica

**INTELSAT INTERNATIONAL EMPLOYMENT LLC:**

BOARD OF MANAGERS:

_____
Mark Rasmussen

_____
Stephen Bacica

**SOUTHERN SATELLITE LLC:**

BOARD OF MANAGERS:

_____
Mark Rasmussen

_____
Stephen Bacica

[SIGNATURE PAGE TO OMNIBUS CONSENT OF THE DIRECTORS, MANAGERS, GENERAL PARTNER AND MEMBERS]

**SOUTHERN SATELLITE LICENSEE LLC:**

BOARD OF MANAGERS:

Mark Rasmussen

Stephen Bacica

**INTELSAT INTERNATIONAL EMPLOYMENT LLC:**

BOARD OF MANAGERS:

Mark Rasmussen

Stephen Bacica

**SOUTHERN SATELLITE LLC:**

BOARD OF MANAGERS:

Mark Rasmussen

Stephen Bacica

[SIGNATURE PAGE TO OMNIBUS CONSENT OF THE DIRECTORS, MANAGERS, GENERAL PARTNER AND MEMBERS]

**INTELSAT SERVICE AND EQUIPMENT LLC:**

BOARD OF MANAGERS:

Mark Rasmussen

Stephen Bacica

**PANAMSAT INDIA MARKETING L.L.C.:**

MANAGERS:

Mark Rasmussen

Stephen Bacica

**PANAMSAT INDIA LLC:**

BOARD OF MANAGERS:

Mark Rasmussen

Stephen Bacica

[SIGNATURE PAGE TO OMNIBUS CONSENT OF THE DIRECTORS, MANAGERS, GENERAL PARTNER AND MEMBERS]

**INTELSAT SERVICE AND EQUIPMENT LLC:**

BOARD OF MANAGERS:

_____
Mark Rasmussen

_____
Stephen Bacica

**PANAMSAT INDIA MARKETING L.L.C.:**

MANAGERS:

_____
Mark Rasmussen

_____
Stephen Bacica

**PANAMSAT INDIA LLC:**

BOARD OF MANAGERS:

_____
Mark Rasmussen

_____
Stephen Bacica

## Schedule I

| No. | Name of the Company | Jurisdiction |
| --- | --- | --- |
| 1. | Intelsat Genesis Inc. | Delaware |
| 2. | PanAmSat Europe Corporation | Delaware |
| 3. | Intelsat Genesis GP LLC | Delaware |
| 4. | Intelsat Alliance LP | Delaware |
| 5. | Intelsat Holdings LLC | Delaware |
| 6. | Intelsat Satellite LLC | Delaware |
| 7. | Intelsat Virginia Holdings LLC | Virginia |
| 8. | Intelsat License Holdings LLC | Delaware |
| 9. | Intelsat License LLC | Delaware |
| 10. | Intelsat US Finance LLC | Delaware |
| 11. | Intelsat US LLC | Delaware |
| 12. | PanAmSat International Holdings LLC | Delaware |
| 13. | Intelsat International Systems, LLC | Delaware |
| 14. | PanAmSat International Sales, LLC | Delaware |
| 15. | Intelsat Asia Carrier Services, LLC | Delaware |
| 16. | Southern Satellite Licensee LLC | Delaware |
| 17. | Intelsat International Employment LLC | Delaware |
| 18. | Southern Satellite LLC | Delaware |
| 19. | Intelsat Service and Equipment LLC | Delaware |
| 20. | PanAmSat India LLC | Delaware |
| 21. | PanAmSat India Marketing L.L.C. | Delaware |